CARL SELF,
        **Plaintiff,**

v.                                                   Case No. 19-C-1279

CORPORAL MEKASH,
        **Defendant.**

## ORDER

Plaintiff Carl Self, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. § 1983. I screened the plaintiff's complaint and allowed him to proceed on one claim under the First Amendment. The defendant moves for summary judgment. ECF No. 42.

## I. BACKGROUND[1]

The plaintiff sues Jeffrey Mekash, a corporal at the Brown County Jail (Jail). ECF No. 47, ¶ 1. As a corporal, Mekash does not have regular contact with all inmates and primarily works intake, where he is involved with inmates entering or leaving the Jail. *Id.*, ¶¶ 44–45. Mekash is not involved with inmate mail unless an issue or concern is brought

---

[1] Facts in this section are taken from the defendant's proposed findings of fact, declarations in support of his motion for summary judgment, and responses to the plaintiff's proposed facts. ECF Nos. 43–45, 47, 52–54. Although the plaintiff responded to the defendant's proposed facts (ECF No. 50), he fails to support most of his factual disputes by referencing evidence in the record, as the court's rules require. *See* Civil L. R. 56(b)(2)(B)(i)–(ii). For purposes of this decision, I will consider admitted any facts that he does not properly contest. *See* Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). I will consider the parties' proposed facts only to the extent they are supported by evidence in the record and will consider arguments in the supporting memoranda only to the extent they properly refer to the proposed facts. *See* Fed. R. Civ. Pro. 56(c)(1); Civil L. R. 56(b)(1)(C)(i) and (b)(6).

to his attention. *Id.*, ¶ 46. He states he was not contacted about an issue with the plaintiff's mail in November 2018. *Id.*, ¶ 47; ECF No. 43, ¶ 16. According to Mekash, Jail staff does not open legal mail being sent to the court unless there is a situation involving contraband leaving the Jail. ECF No. 47, ¶ 48; ECF No. 43, ¶ 16.

The plaintiff was admitted as a pretrial detainee to the Jail on August 17, 2018. ECF No. 47, ¶ 2. The plaintiff was transferred on multiple occasions to other jail facilities in 2018 and 2019 on a Writ or because of overcrowding. ECF No. 54, ¶ 2. But he remained an inmate of the Jail until January 4, 2019, when he was released to the custody of Outagamie County. ECF No. 44, ¶ 2; ECF No. 54, ¶ 3. He was rebooked into the Jail on January 14, 2019, where he remained until his transfer to prison on December 7, 2020, to serve sentences totaling eight years. ECF No. 44, ¶ 2; ECF No. 47, ¶ 5.

On November 16, 2018, the plaintiff was transported on a Writ to the Outagamie County Jail to appear at a sentencing hearing in Outagamie County. ECF No. 44, ¶ 3. On November 19, 2018, the plaintiff was sentenced to one year in prison on one count of felony escape. ECF No. 47, ¶ 3. The next day, November 20, 2018, the plaintiff returned to the Brown County Jail. ECF No. 44, ¶ 5. The claim on which he is proceeding in this case involves events that allegedly occurred on and around November 20, 2018, when he was returned from the Writ to the Brown County Jail. ECF No. 1 at 3–4.

A.  **The Plaintiff's Lawsuits**

On November 19, 2018, the plaintiff brought a complaint under § 1983 against several defendants at the Brown County Jail. *See Self v. Bergh, et al.*, Case No. 18-C-1823, ECF No. 1. He signed the complaint on November 10, 2018. *Id.* On December 19, 2018, I screened the complaint and allowed the plaintiff to proceed on a claim against

Corporal Zachary Bergh relating to events that occurred at the Jail on and around September 26, 2018. *Id.*, ECF No. 7. Corporal Bergh was served with the complaint on or around January 14, 2019. *Id.*, ECF No. 9. The plaintiff identified three officers as defendants, who were served with the complaint on around February 20, 2019. *Id.*, ECF Nos. 19–21. Corporal Mekash was not a party to that lawsuit, was not served with the complaint, and was not involved in the September 26, 2018 events on which the complaint was based. Case No. 19-C-1279, ECF No. 47, ¶ 10.

The plaintiff brought this lawsuit on September 3, 2019, but dated his complaint August 16, 2019, and signed it August 22, 2019. Case No. 19-C-1279, ECF No. 1. He alleged a "campaign of harassment" by Brown County Jail officials. *Id.* I screened the complaint and allowed the plaintiff to proceed against Corporal Mekash on a First Amendment claim of retaliation. ECF No. 14. The plaintiff alleges that Mekash denied the plaintiff his legal papers and a Bible that contained addresses and phone numbers. *Id.* at 3. I dismissed all other claims and defendants and later granted in part and denied in part the plaintiff's motion for reconsideration. *Id.* at 6–13; ECF No. 23. I did not allow the plaintiff to proceed on any additional claims but did allow him to seek injunctive relief in addition to damages on his claim against Mekash. ECF No. 23 at 2–3.

**B.     Jail Policies and Procedures**

As noted, the plaintiff left the Brown County Jail on November 16, 2018, on a Writ to the Outagamie County Jail for a sentencing hearing. ECF No. 47, ¶ 15. When an inmate leaves the Brown County Jail on a Writ to attend a hearing, the inmate typically returns to the Jail unless the court otherwise orders. *Id.*, ¶ 16. The inmate may return the same day or later, depending on the results of the hearing. *Id.* If the inmate is sentenced

3

directly to prison, Jail officials would collect his property and release it to a designated person. *Id.*, ¶ 17. Corporal Mekash states that Jail procedure dictates that an inmate who returns to the Jail on a Writ may keep only legal materials, white undergarments, plain paper, and embossed envelopes in his cell. *Id.*, ¶ 20. All other items are placed in the inmate's property bag. *Id.*; ECF No. 43, ¶ 6.

The plaintiff insists sentenced inmates remain in the county where they are sentenced, but he cites nothing in support of that proposition. ECF No. 50 at 11, ¶ 16. He also says an inmate can chose to whom his property is released, but he again cites nothing in support. *Id.*, ¶ 17. The plaintiff says, also without support, that inmates are also allowed to keep a Bible in their cells. *Id.* at 12, ¶ 20.

**C.     The November 20, 2018 Incident**

On November 20, 2018, Corporal Mekash worked as an Intake Corporal at the Brown County Jail from 6:20 a.m. until 6:30 p.m. ECF No. 47, ¶ 18; ECF No. 43, ¶ 2. At about 2:59 p.m., the plaintiff returned to the Jail from his Writ to the Outagamie County Jail. ECF No. 47, ¶ 19. Mekash observed the plaintiff being rebooked into the Brown County Jail. *Id.*, ¶ 21; ECF No. 43, ¶ 7. After speaking with the intake officer, Mekash believed the plaintiff was attempting to bring "non-legal items" with him back into the Jail. ECF No. 47, ¶ 21; ECF No. 43, ¶ 7. Mekash knew that the plaintiff has a history of purchasing items at the Jail's canteen and attempting to have those items accepted while on a Writ at other jails. ECF No. 47, ¶ 22; ECF No. 43, ¶ 7. Mekash went to the property area to explain to the plaintiff that, pursuant to Jail policy and procedure for inmates on a Writ, any non-permitted items would be placed in his property bag. ECF No. 47, ¶ 23; ECF No. 43, ¶ 8. The plaintiff began to argue, stating that he had taken all his property

4

when he left on the Writ because he believed he would be sentenced to prison and transported there to begin serving his sentence. ECF No. 47, ¶ 24; ECF No. 43, ¶ 9. He said he packed up his property when he went to Outagamie County on the Writ, expecting he would remain there. ECF No. 47, ¶ 25; ECF No. 43, ¶ 9. Mekash inspected the plaintiff's items and determined he had bowls and a tumbler, which may not be brought into the Jail from another facility. ECF No. 47, ¶¶ 26–27; ECF No. 43, ¶ 10. The plaintiff also had a folder that he said contained legal materials but which actually contained a magazine, pictures, and other non-legal papers. ECF No. 47, ¶ 28; ECF No. 43, ¶ 10. Mekash allowed the plaintiff to keep his legal materials but placed all other items in his property bag. ECF No. 47, ¶ 28; ECF No. 43, ¶ 10.

The plaintiff asserts Corporal Mekash prohibited him from keeping various permitted items, including legal materials. ECF No. 50 at 12, ¶ 20. He cites a June 1, 2019 statement attached to his complaint from Corporal Voster that purports to show Voster returned legal paperwork to the plaintiff from his property bag, which was dated January 14, 2019. *Id.*; ECF No. 1-1 at 7. This is the date the plaintiff was rebooked into the Jail after being in Outagamie County for ten days. ECF No. 44, ¶ 2; ECF No. 47, ¶ 5. The plaintiff asserts Voster's statement shows Corporal Mekash wrongly placed the plaintiff's legal materials in his property bag in November 2018, where they remained, and did not allow him to keep those materials in his cell. ECF No. 50 at 12, ¶ 20. He asserts, without support or citation, that Mekash spoke with him in the intake area "solely to harass the plaintiff." *Id.* at 13, ¶¶ 21–22.

Corporal Mekash states that on November 20, 2018, he was not aware of the plaintiff's lawsuit against Jail staff. ECF No. 47, ¶ 31; ECF No. 43, ¶ 12. He did not have

5

contact with the plaintiff between November 16 and 20, 2018, before the plaintiff returned to the Jail on the Writ, and did not make any decisions about what property the plaintiff was allowed while on the Writ to Outagamie County. ECF No. 47, ¶ 33; ECF No. 43, ¶¶ 19–20. The plaintiff asserts Mekash was aware of his other lawsuit, but he cites nothing in support of that statement. ECF No. 50, ¶ 31.

D.   The Plaintiff's Grievance and Appeal

Later in November 20, 2018, the plaintiff filed a grievance against Corporal Mekash that alleges Mekash treated him "like a new inmate" and incorrectly put his property in his property bag. ECF No. 47, ¶ 34; ECF No. 44-1. Mekash did not see the grievance until the next day. ECF No. 47, ¶ 35; ECF No. 43, ¶ 14. Mekash reviewed the video from November 16, 2018—the day the plaintiff left the Jail on the Writ—to determine what items the plaintiff left with. ECF No. 47, ¶ 36; ECF No. 43, ¶ 14. Mekash noted the plaintiff was given a brown paper bag, and he could not determine what items were inside the bag. ECF No. 47, ¶ 37; ECF No. 43, ¶ 14. Mekash states that if he could have confirmed that the plaintiff left with the bowls and tumbler, he would have evaluated whether those items would be safe to return with the plaintiff to his cell. ECF No. 47, ¶ 38; ECF No. 43, ¶ 14. He also inspected the plaintiff's property bag, in which the only hygiene item was a tube of toothpaste. ECF No. 47, ¶ 39; ECF No. 43, ¶ 14. He also found a Bible, which he inspected and noted that it was not unique, contained no handwriting, and could be requested again from the pod. ECF No. 47, ¶ 40; ECF No. 43, ¶ 14. On November 22,

6

2018, Mekash prepared a statement in response to the grievance. ECF No. 47, ¶ 41; ECF No. 43, ¶ 10; ECF No. 44-1.[2]

The plaintiff asserts that Corporal Mekash responded to his grievance "with acts of misconduct," but he does not say what those acts are or cite anything in support of his assertion. ECF No. 50 at 17, ¶ 35. The plaintiff says there "is no factual evidence" that Corporal Mekash searched the Bible. *Id.* at 18, ¶ 40. But Mekash's sworn declaration and attached statement are evidence of his actions. The plaintiff cites nothing in support of his disagreement. The plaintiff does refer to a statement from Raquel Lopez, who swears that she went to the Jail to pick up the plaintiff's property. *Id.*; ECF No. 50-1 at 1. Lopez states the property was in a clear plastic bag. ECF No. 50-1 at 1. Lopez says she recorded herself opening the bag, which contained "hygene [sic] products A bowl and cup A Bible that contained numerous Phone numbers and addresses and some legal materials." *Id.* Lopez does not provide the date on which she picked up the property, but her statement is signed and dated August 10, 2019. *Id.*

On November 23, 2018, Corporal Bergh reviewed the plaintiff's grievance. ECF No. 47, ¶ 42. Both parties attached the Grievance Summary Report to their summary judgment materials. ECF No. 44-1; ECF No. 50-1 at 2. Jail staff summarized the plaintiff's grievance as complaining that he "was out on a Writ from 11-16 to 11-20 and when he returned he was denied all personal property." ECF No. 44-1. Corporal Bergh determined

---

[2] The video of the plaintiff leaving the Jail on November 16, 2018, is not in the record. The plaintiff says he was never able to view it and contests Corporal Mekash's discussion of the video. ECF No. 50 at 17, ¶ 36. Magistrate Judge Nancy Joseph denied the plaintiff's request to compel the defendant to provide him the video because, as the defendant explained, the video no longer exists. ECF No. 39. Because the video does not exist, I have not seen it and will not factor what it purportedly showed into this decision.

7

that "Cpl. Mekash has followed policy as it is written" and that the plaintiff "attempted to bring back items in which are not permitted back in our facility." *Id.* Corporal Bergh concludes "[t]his issue is closed and unfounded." *Id.* The plaintiff appealed Corporal Bergh's decision about his property. ECF No. 47, ¶ 43; ECF No. 44, ¶ 7. On November 26, 2018, Lieutenant J. Rhode reviewed the appeal, agreed with Corporal Bergh's conclusion, and found that "the answer that was given to [the plaintiff] by Cpl. Bergh and the procedure that Cpl. Mekash followed is correct." ECF No. 47, ¶ 43; ECF No. 44-1. Rhode explains that he understands the plaintiff's frustration, "but that is the proper way to handle this situation." ECF No. 44-1.

The plaintiff says Corporal Bergh should not have responded to his grievance because "he was involved in the incident" and because he is a defendant in the plaintiff's other lawsuit. ECF No. 50 at 19, ¶ 42. He asserts, without support, that Corporals Bergh and Mekash "will not hold one another accountable for any misconduct." *Id.* He contests Mekash's grievance response, which he says "gave inaccurate information." *Id.* at 19, ¶ 43. He again cites Corporal Voster's June 1, 2019 statement and Raquel Lopez's statement from August 10, 2019. *Id.*

E.     **May 30, 2019 Grievance**

As discussed, the plaintiff was sent from the Brown County Jail to the custody of Outagamie County on January 4, 2019. ECF No. 44, ¶ 2. Corporal Mekash explains that, because the plaintiff was being released from the Brown County Jail at that time, he would have taken all personal property with him to Outagamie County, including legal materials. ECF No. 54, ¶ 3. The plaintiff's property would have been placed in a property bag. *Id.* The plaintiff returned to the Brown County Jail ten days later and brought with him his

8

personal property. *Id.*, ¶ 4. Staff at the Jail dated the plaintiff's property bag January 14, 2019—the date he returned to the Jail from Outagamie County. *Id.*, ¶ 5. The property list from the plaintiff's return to the Jail lists a Bible and "misc. paperwork." ECF No. 54-1. Corporal Mekash states he was not involved in the plaintiff's rebooking into the Jail on January 14, 2019, did not make any decisions about his property or what should be placed in his property bag, and was not aware of any legal materials being placed in the property bag. ECF No. 54, ¶ 7.

On May 30, 2019, the plaintiff filed a grievance requesting items from his property bag. ECF No. 54, ¶ 6; ECF No. 1-1 at 3. Corporals Voster and Strum opened the plaintiff's property bag, dated January 14, 2019, to search for legal paperwork the plaintiff alleged he did not have. ECF No. 54, ¶ 6; ECF No. 1-1 at 7. The corporals retrieved "[a]ll allowable documents" from the bag and sent them to the plaintiff. ECF No. 54, ¶ 6; ECF No. 1-1 at 7.

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

9

317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Unsupported speculations and assertions do not create a genuine dispute of fact and cannot defeat summary judgment. *See Ammerman v. Singleton*, 817 F. App'x 265, 268 (7th Cir. 2020) (citing *Herzog v. Graphic Packaging Intl, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014)). The plaintiff instead, as the nonmoving party, "needs to come forward with *evidence*" showing his entitlement to relief. *Cooper v. Haw*, 803 F. App'x 942, 946 (7th Cir. 2020) (citing *Beatty v. Olin Corp.*, 693 F.3d 750, 754 (7th Cir. 2012) (emphasis in original)).

A. **Retaliation**

I review the plaintiff's claim of retaliation against Corporal Mekash under the First Amendment. To proceed on a claim of retaliation, the plaintiff must show three elements: 1) he engaged in a protected activity, 2) he suffered a deprivation likely to prevent future protected activities, and 3) there is a causal connection between the protected conduct and the deprivation. *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010), and *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Filing a federal lawsuit is protected activity. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015) (citing *Hasan v. U.S. Dep't of Labor,* 400 F.3d 1001, 1005 (7th Cir. 2005)). Whether a deprivation is likely to deter future protected activity is an objective inquiry: I must determine "'whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity.'" *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878

10

(7th Cir. 2011)). Because the test is objective, it is irrelevant whether the plaintiff continued to engage in protected conduct. *Id.* (citing *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020)).

To show causation, the plaintiff must show more than that Corporal Mekash's actions occurred after his protected activity. He must show that Mekash had actual knowledge of his protected conduct and acted because of it. *See Healy v. City of Chicago*, 450 F.3d 732, 740–41 (7th Cir. 2006). In other words, the plaintiff must show that the protected activity "was the but-for cause" of the adverse action. *Winston v. Fuchs*, No. 20-1643, 2020 WL 7230248, at *2 (7th Cir. Dec. 8, 2020) (citing *Nieves v. Bartlett*, ––– U.S. –––, 139 S. Ct. 1715, 1722 (2019) (explaining that the official's retaliatory motive "must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive")). The plaintiff's speculation alone about the defendant's retaliatory motive "cannot create a genuine issue of material fact sufficient to survive a motion for summary judgment." *Parrilla v. Beahm*, No. 17-C-841, 2018 WL 3717026, at *6 (E.D. Wis. Aug. 3, 2018) (citing *Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013)).

### 1. Protected Conduct

It is undisputed that the plaintiff brought a federal lawsuit before the November 20, 2018 incident. That is protected conduct. But as the defendant points out, Corporal Mekash was not named in that lawsuit, and the complaint was not served on the defendants until January 2019 or later. It is questionable whether that lawsuit could be the basis for Mekash's conduct without evidence that he or the defendants in the earlier lawsuit were even aware of that lawsuit on November 20, 2018.

### 2. Deprivation

Even assuming the plaintiff's filing of the previous lawsuit satisfies the first element of a retaliation claim, the plaintiff has provided no evidence suggesting that he suffered a deprivation or that the deprivation, if it occurred, was a result of his protected activity.

No evidence shows that Corporal Mekash disallowed the plaintiff from having permitted items in his cell on November 20, 2018. In support of his assertion that Corporal Mekash wrongly took his personal property, the plaintiff cites the Grievance Report's summary of his grievance as complaining that "he was denied all personal property." ECF No. 50-1 at 2. That statement merely summarizes the plaintiff's grievance. It does not corroborate his complaint or confirm his allegations. The Report also contains Corporal Bergh's findings, which conclude that Mekash followed the Jail's policy when the plaintiff attempted to bring unpermitted items into the Jail. Corporal Bergh found the grievance "unfounded." On appeal, Lieutenant J. Rhode agreed with Corporal Bergh's conclusion and explained to the plaintiff that Mekash properly handled the situation. The Grievance Report does not support the plaintiff's position.

The plaintiff also cites Raquel Lopez's August 10, 2019 statement and Corporal Voster's June 1, 2019 statement in support of his claim. The plaintiff's argument is that Corporal Mekash wrongly took his property on November 20, 2018, and that confiscated property remained in his property bag months later, when Voster looked inside of it and when Lopez later picked it up. ECF No. 50 at 4, ¶¶ 8–9. But that is not what those statements show.

It is undisputed that the plaintiff's property bag was dated January 14, 2019, because that is the date when he returned to the Brown County Jail from Outagamie

County with *all* his property. Whatever legal papers or other items were in his property bag on May 30, 2019, were there because *all* the plaintiff's property was placed in that bag when he went to Outagamie County on January 4, 2019. Any "allowable documents" left in the bag were an error of the intake officers working on January 14, 2019, when the plaintiff returned to the Jail. It is undisputed that Corporal Mekash was not involved with the plaintiff's property on January 14, 2019. Similarly, whatever property was in the bag when Raquel Lopez picked it up was there because it was left over from the plaintiff's return to the Jail on January 14, 2019—not because Corporal Mekash placed those items there months before his transfer to Outagamie County.

Neither Lopez's statement nor Voster's statement have any relevance to the November 20, 2018 incident involving Corporal Mekash. The plaintiff's intervening transfer from the Jail to Outagamie County and back to the Jail explain why various "allowable documents" were in the plaintiff's property bag on June 1, 2019, and whenever Lopez later came to pick up the plaintiff's property. Lopez's statement does not say anything about the November 20, 2018 incident underlying this lawsuit, and Lopez has no personal knowledge about Corporal Mekash or what items he disallowed the plaintiff from keeping in his cell. Similarly, Voster's statement shows only that some permitted items may have been left in the plaintiff's property bag on January 14, 2019, when he returned to the Jail from Outagamie County. Voster's statement provides no information about Corporal Mekash or his interaction with the plaintiff months earlier. Neither of these statements are evidence that Corporal Mekash wrongly took the plaintiff's property on November 20, 2018.

13

Case 2:19-cv-01279-LA   Filed 02/26/21   Page 13 of 17   Document 56

### 3. Causal Connection

Even if the plaintiff presented evidence showing that Corporal Mekash wrongly denied him permitted property, it is undisputed that Corporal Mekash did not do so because the plaintiff filed the earlier lawsuit. Mekash swears that he treated the plaintiff like any other inmate returning to the Jail on a Writ and did not know about his earlier lawsuit when he spoke with him on November 20, 2018. The plaintiff did not submit an affidavit or declaration disputing Corporal Mekash's version of the events or providing his version. His unsworn, unsigned response does not adequately dispute Corporal Mekash's statement. *See* Fed. R. Civ. P. 56(c)(1); Civil L. R. 56(b)(2)(B)(i).

Nor does the plaintiff's cited evidence create a dispute about Corporal Mekash's motive in denying the plaintiff his property. As explained above, neither Raquel Lopez or Corporal Voster's statements say anything about Corporal Mekash, the November 20, 2018 incident, or Mekash's reasons for taking the plaintiff's property. These statements do not show that Mekash knew about the earlier lawsuit and took the plaintiff's property because of it.

Corporal Bergh concluded in the Grievance Report that Corporal Mekash correctly followed Jail policy when he confiscated the plaintiff's property. Lieutenant Rhode affirmed that conclusion and explained that Mekash had properly handled the situation. The plaintiff provides no evidence to dispute the Grievance Report. The plaintiff takes issue with Corporal Bergh having reviewed the grievance because Bergh was a defendant in the other lawsuit. But as of November 23, 2018, when Bergh wrote his findings on the plaintiff's grievance, he had not yet been notified of the plaintiff's lawsuit. The court did not receive the complaint until November 19, 2018, did not screen it until

14

Case 2:19-cv-01279-LA   Filed 02/26/21   Page 14 of 17   Document 56

December 19, 2018, and did not have it served on Corporal Bergh until January 14, 2019, at the earliest. There is no evidence that Corporal Bergh was aware on November 23, 2018, that the plaintiff had filed a lawsuit against him or that his findings in the Grievance Report were affected by his purported knowledge of the other lawsuit. The plaintiff also suggests Bergh may have been untruthful in his report on the plaintiff's grievance because he works with Corporal Mekash. But he cites nothing to support that belief, and nothing in the record suggests Bergh's report was untruthful or incorrect.

It is easy to allege, but difficult to prove, a claim of retaliation. This case demonstrates that difficulty. The plaintiff engaged in protected conduct when he filed his earlier lawsuit. But he presents no evidence to support his allegations that Corporal Mekash wrongly deprived him allowable property, including legal materials, or that if he did it was in retaliation for the plaintiff's earlier lawsuit. The plaintiff cites only irrelevant statements and unsupported assertions and speculations about Corporal Mekash's reasons for denying him his property on November 20, 2018. That is not enough to defeat summary judgment. On this record, no reasonable jury could conclude that Corporal Mekash's actions were wrongful or retaliatory in nature. The plaintiff has failed to satisfy his burden, and the defendant is entitled to summary judgment.

**B.    Injunctive Relief**

Because I am granting summary judgment for the defendant, the plaintiff's request for injunctive relief must be denied. Nonetheless, I note that even if he had shown a genuine issue of material fact, the plaintiff would not be allowed to proceed on his request for injunctive relief. As I explained in the screening order, a claim for injunctive relief is rendered moot when an inmate is transferred from the facility where the harm allegedly

occurred, and the inmate fails to allege "'a realistic possibility that he will again be incarcerated in the same state facility.'" ECF No. 14 at 13 (quoting *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011)). Although the plaintiff did return to the Jail, he has since been transferred to Dodge Correctional Facility to serve his eight-year prison sentence. Because it is unlikely he will return to the Jail any time soon, if at all, his request for injunctive relief is again moot. *Id.*; *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment (ECF No. 42) is **GRANTED**.[3] This case is **DISMISSED**. The clerk's office shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot

---

[3] Because I am granting summary judgment to the defendant on the merits, I need not discuss his argument for qualified immunity. *Sierra-Lopez v. Brown County* No. 17-C-1222-PP, 2019 WL 3501540, at *10 (E.D. Wis. July 31, 2019) (citing *Viero v. Bufano*, 925 F. Supp. 1374, 1387 (N.D. Ill. 1996), and *Antepenko v. Domrois*, No. 17-C-1211, 2018 WL 6065347, at *6 (E.D. Wis. Nov. 20, 2018)).

extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

    A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

    Dated at Milwaukee, Wisconsin this 26th day of February, 2021.

                                     s/Lynn Adelman
                                     LYNN ADELMAN
                                     United States District Judge

17

Case 2:19-cv-01279-LA   Filed 02/26/21   Page 17 of 17   Document 56